

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

ENTERED
12/22/2016

| | | |
|---|---|---|
| IN RE: | § | **CASE NO: 16-10231** |
| **JUAN GARCIA** | § | |
| Debtor | § | |
| | § | |
| | § | **CHAPTER 11** |
| | § | |
| | § | **JUDGE EDUARDO V. RODRIGUEZ** |

## MEMORANDUM OPINION
## GRANTING IN PART AND DENYING IN PART
## DEBTOR'S APPLICATION TO
## <u>EMPLOY THE LAW OFFICES OF RICK GUERRA</u>
### [*Resolving ECF No.  42*]

## <u>I. INTRODUCTION</u>

"The leading rule for the lawyer, as for the man of every calling, is diligence."[1]  With that

thought in mind, this Court must now assess whether a debtor's choice of special litigation

counsel can practice with diligence, thereby satisfying the statutory requirements of the

bankruptcy code, despite vehement objections from opposing parties.  Pending before this Court

is a single pleading filed by Dr. Juan M. Garcia ("***Debtor***"), self-styled as "Debtor's Amended

Application to Employ Law Offices of Rick Guerra."  *See generally* [ECF No. 42] (the

"***Application***").  The Application seeks to employ special litigation counsel, Mr. Ricardo Guerra

("***Guerra***"), to prosecute and defend the related adversary proceedings pending.  *Id.*  Yet, the

Application is vehemently opposed by Dr. Rolando Posada ("***Posada***"), Debtor's former

business partner, who suggests that Guerra lacks the necessary diligence to serve as special

counsel in this case.  *See generally* [ECF No. 48].  This Court now considers the parameters of

---

[1] Abraham Lincoln

the Bankruptcy Code,[2] specifically 11 U.S.C. § 327(e), relevant case law, and the arguments lodged by both Debtor and Posada to determine whether Guerra possesses the requisite diligence to be employed as Debtor's special counsel.

## II.  FINDINGS OF FACT

This Court makes the following Findings of Fact and Conclusions of Law pursuant to Federal Rules of Bankruptcy Procedure 7052, which incorporates Fed. R. Civ. P. 52, and 9014. To the extent that any Finding of Fact constitutes a Conclusion of Law, it is adopted as such.  To the extent that any Conclusion of Law constitutes a Finding of Fact, it is adopted as such.

On July 25, 2016, Debtor filed a voluntary petition for chapter 11 bankruptcy.  [ECF No. 1].  Debtor's petition was filed with the assistance of Guerra as Debtor's counsel.  *Id.*  Prior to Debtor's bankruptcy, Guerra represented Debtor as the plaintiff in state court litigation against Posada before the 445th Judicial District Court of Cameron County, Texas.  [Case No. 2011-DCL-05265] (the "***State Court Litigation***").  Debtor, by and through Guerra, filed the State Court Litigation in August 2011 against Posada, Claudia Jensen, and Israel Vega.  *See* [ECF No. 48 at ¶ 18].  On June 24, 2016, Posada filed a Motion for Summary Judgment in the State Court Litigation, which was set for hearing on July 25, 2016.  Posada Ex. G.  Prior to beginning the hearing on the Motion for Summary Judgment, Debtor filed his bankruptcy petition, thus halting the State Court Litigation.  [ECF No. 1]; *see also* 11 U.S.C. § 362.

On August 5, 2016, Debtor filed a single motion, self-styled as "Motion of Debtor for Order Pursuant to Bankruptcy Rule 1007(c) Extending Time for Debtor to File His Schedules and Statement of Affairs," which was granted.  [ECF No. 8]; [ECF No. 10].  On August 18, 2016, Debtor filed his Application to Employ Smeberg Law Firm, PLLC, which sought to

---

[2] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e. §) thereof refers to the corresponding section in 11 U.S.C.

employ Mr. Ronald J. Smeberg as Debtor's Counsel. [ECF No. 15]. On September 7, 2016, this Court held a hearing and granted Debtor's Application to Employ as of August 17, 2016. [ECF No. 38].

On August 29, 2016, Debtor filed the Application to Employ the Law Offices of Rick Guerra, [ECF No. 27], subsequently amended on September 9, 2016. [ECF No. 42]. The Application seeks the authority to employ Guerra at the regular hourly rate for the services provided by Guerra from the initial filing of Debtor's bankruptcy through August 17, 2016. *Id.* at 1. Further, the Application seeks to employ Guerra as special counsel, specifically for prosecuting and analyzing the State Court Litigation, now removed to this Court, and any other related adversary proceedings. *Id.* at 2; [Case No. 16-1005]; *see also* [Case No. 16-1006]. Debtor seeks to employ Guerra since he has been prosecuting the State Court Litigation since inception and therefore would be most effective at prosecuting those issues. [ECF No. 42 at 3]. Debtor negotiated an hourly fee agreement with Guerra where Guerra would receive $275.00 per hour, other attorneys in Guerra's office would receive $225.00 per hour, and legal assistants and/or paralegals would receive $100.00 per hour. *Id.* at 4–5. Further, Debtor has been advised that Guerra will separately bill for expenses. *Id.* at 5. Although Guerra represented Debtor prior to the instant bankruptcy case, the Application asserts Guerra has no other conflicts of interest in this case. *Id.* at 5–6.

Posada, Debtor's former business partner and defendant in the now-removed State Court Litigation and a plaintiff in the second adversary proceeding against Debtor, filed three separate proofs of claim against Debtor's estate relating to the second related adversary on November 22, 2016. [Case No. 2011-DCL-05265]; [Case No. 16-1005, ECF No. 1];[Case No. 16-1006, ECF No. 1]; [Claim Nos. 7-1, 8-1, 9-1]. The first claim in the amount of $505,011.56 for Debtor's

alleged violation of § 523(a)(2), (4), and (6).   [Claim No. 7-1].   The second claim, totaling $806,854.00, is from a note Posada purchased from Bank of America/Merrill Lynch that secures the Garpo II property, which Debtor is allegedly responsible for.   [Claim No. 8-1].   The third claim, based on Debtor's alleged breach of contract and abuse of process, is in the amount of $453,111.95.   [Claim No. 9-1].

On September 13, 2016, Posada filed a response, self-styled as "Rolando Posada's Response to Debtor's Amended Application to Employ Law Offices of Rick Guerra (Doc. #42)." [ECF No. 48] (the "***Response***").   The Response asserts that Debtor should not employ Guerra as special counsel since Debtor's request conflicts with Debtor's Counsel's duties, specifically because the "duties set out for [Guerra] are not limited to litigation."   *Id.* at 2.   Further, Posada alleges that Guerra may not be a "disinterested person" due to the prior representation of Debtor in the State Court Litigation.   *Id.* at 3.   Posada objects because Guerra, allegedly, "has a provable, objective history of delaying, and wasteful litigation tactics that are not appropriate for acting as Debtor's counsel in a bankruptcy case."   *Id.* at 4.   To wit, Posada decries that Guerra was unprepared for trial in the State Court Litigation because he had failed to abide by court orders, "produced no admissible damages model to support his pleadings, he had designated no expert on damages, and all of Debtor's individual claims had been dismissed on a no-evidence Summary Judgment and chose to file chapter 11 bankruptcy as a solution."   *Id.* at 4-5. Additionally, Posada further argues that Guerra has a history of using bankruptcy proceedings as a tactic to delay litigation and cause "needless expense to all parties."   *Id.* at 6–8.   To support that contention, the Response references a bankruptcy case filed by Guerra in the Houston, Texas in which Guerra allegedly filed for bankruptcy for his client a few days before trial of the state court action.   *Id.* at 6–7, *see* [Case No. 16-31331].

Additionally, Posada asserts that allowing Debtor to employ Guerra is an attempt to re-litigate Debtor's prior state court claims that were previously dismissed and is "a duplicative and wasteful use of judicial resources and a drain on the Chapter 11 estate." *Id.* at 4-5. Posada further contends that Guerra will inaccurately advise Debtor that the value of the litigation is higher than what is the actual value to the estate, which impacts the duties owed by a Debtor in Possession to the estate. *Id.* at 8. Additionally, Posada focuses on Guerra's actions, specifically "not meeting deadlines and not adequately representing the estate," during the instant bankruptcy proceeding prior to Debtor's Counsel's employment. *Id.* at 8-9. The Response alleges that Guerra failed to comply with 11 USC § 1116, failed to comply with small business case provisions, failed to hire appropriate bankruptcy counsel for 24 days, and represented the estate without this Court's approval prior to Debtor's Counsel's employment. *Id.* at 9. Based on these reasons, Posada asks this Court to deny the Application. [ECF No. 48 at 10].

On October 3, 2016, Guerra, on behalf of Debtor, filed "Debtor's Reply to Rolando Posada's Amended Response to Debtor's Amended Application to Employ Law Offices of Rick Guerra (Doc. #48)." [ECF No. 69] (the "***Debtor's Reply***"). Debtor's Reply addresses the two overarching objections presented by Posada's Response; namely, "1) that Guerra has an objective history of delay tactics and failing to abide by court orders, and 2) that Guerra's employment would cause duplicative and unnecessary costs." *Id.* at 1. Debtor suggests that Posada does not provide this Court with any evidence to substantiate the objections. *Id.* In discussing Guerra's alleged history of delay and failure to abide by court orders, Debtor addresses the case referred to in the Response, [Case No. 16-31331], and asserts that Guerra achieved the desired outcome in the case for his chapter 7 client. *Id.* at 2. Although Debtor's Reply cites the contentions as "misleading and baseless," Debtor argues that failing to develop a

damages model or designate an expert in the State Court Litigation does not constitute a failure to abide by court orders.  *Id.* at 2–3.  Conversely, Debtor asserts that Posada has caused "objective delays" in the State Court Litigation.  *Id.* at 3.  Despite the fact that the State Court Litigation has been excessively long; Debtor argues that "Posada has done everything in his power over the course of five years to avoid or delay the dissolution" of the partnership.  *Id.* Further, Debtor argues that although some of the claims in the State Court litigation were dismissed on summary judgment, the orders are neither final nor binding.  *Id.*  Debtor further asserts that Posada's claim that Guerra has placed "extravagant values" on the claims is not a basis for denying the Application.  *Id.* at 3–4.  Finally, Debtor contends that Posada's Response failed to provide a viable alternative to Guerra's employment.  *Id.* at 4.  Debtor suggests that Guerra is in the best position to represent Debtor's interests as Guerra has represented Debtor for five years in the State Court Litigation.  *Id.*

On October 4, 2016, this Court conducted an evidentiary hearing on the Application. (hereinafter, the "***Hearing***").  Both parties offered exhibits to be admitted.

a.  Debtor's counsel attempted to utilize exhibits attached to Debtor's Reply. This Court did not admit nor take judicial notice of these exhibits because they were not properly exchanged and introduced in accordance with the Southern District of Texas Bankruptcy Local Rules.

b.  Posada offered and moved to admit eight exhibits.  All eight were admitted without objection.

   i.  Exhibit A: Temporary Restraining Order

   ii.  Exhibit B: Order on Defendant/Counter Plaintiff Rolando Posada's Application for Temporary injunction

iii.    Exhibit C: Order Granting Defendants Dr. Rolando Posada and Israel Vega's Motions for No-Evidence Summary Judgment

iv.    Exhibit D: Order Granting Defendants Dr. Rolando Posada and Claudia Jensen's Motion for Summary Judgment

v.    Exhibit E: Agreed Docket Control Order

vi.    Exhibit F: Court of Appeals Memorandum Opinion

vii.    Exhibit G: Docket on Case No. 2011-DCL-05265

viii.    Exhibit H: Newton Adversary Proceeding No. 16-03068 Documents

At the Hearing, Debtor's Counsel informed the Court that it is his common practice to hire special counsel and it would be an arduous and wasteful process for him to attempt to get up to speed on the prior State Court Litigation that Guerra originally oversaw.  Further, Debtor's Counsel indicated that he would attempt to work hand in hand with Guerra throughout the litigation.  On this point, Counsel for Posada articulated that Posada would agree to Debtor's Counsel working as lead counsel with Guerra's assistance, but objected to Guerra being the special counsel.  This Court inquired as to whether Guerra had any conflicts of interest and Guerra stated that there are no outstanding debts between the Debtor and Guerra.  Guerra stipulated on the record that he would waive any fees related to the bankruptcy.

At the Hearing, Guerra testified that he has been practicing law for six years and his practice includes personal bankruptcy, real estate, and litigation.  Guerra stated that he filed the State Court Litigation, which is a complex litigation matter, in August 2011.  Guerra indicated his belief that the State Court Litigation has a value of over $1,000,000.00.  During his testimony, Guerra stated that he filed for bankruptcy on behalf of Garcia on the day of a summary judgment hearing in the State Court Litigation.  Posada asked Guerra if he was aware

that the Code requires chapter 11 debtors to include a most recent balance sheet, statement of operations, and federal income tax return with the voluntary petition.   To which, Guerra responded that he did not comply with that requirement upon filing the bankruptcy petition. *Compare* [ECF No. 1] (filing on July 25, 2016) *with* [ECF No. 21] (filing on August 24, 2016). At Posada's request, this Court took judicial notice of the Witness and Exhibit list filed on September 30, 2016, which lists Guerra as the Debtor's Counsel.   [ECF No. 66].   Guerra indicated that he did not serve copies of exhibits on opposing counsel prior to the September 30, 2016 deadline.[3]

In turning to the State Court Litigation, Posada questioned Guerra regarding 'death penalty sanctions' Guerra obtained against Posada—later removed by the state court—for Posada's alleged failure to turn over a Master Service Agreement between Posada and Well-Med.  When questioned as to whether the Master Service Agreement supported any of Garcia's claims or basis for damages in the State Court Litigation, Guerra responded that he could not say whether it provided support.   After refreshing his recollection, Guerra stated that he recalled being served a Request for Production by Posada, which requested all contracts that supported Garcia's State Court Litigation claims or damages.   Guerra testified that the Master Service Agreement was not listed in response to Posada's Request for Production and Interrogatories as support for Garcia's claims or damages in the State Court Litigation.   Guerra acknowledged that the original state court order granting death penalty sanctions over the Master Service Agreement was entered on November 14, 2014, and the responses to the Interrogatories and Request for Production were made in June 2015.

Further, Guerra testified that he refused to attend state court ordered mediation in both

---

[3] The Hearing was set for October 4, 2016, a Tuesday.  [ECF No. 49].  Pursuant to BLR 9013-2, exhibits must be exchanged by counsel by the previous Friday, which in this case would be September 30, 2016.

August and November of 2015.  Guerra stated that he objected to the mediation in December 2015 due to the cost of the mediation and the lack of attendance of "the lady in charge of the server."  Posada turned Guerra's attention to his Exhibit E, a Docket Control Order from June 22, 2016 that required Guerra designate all experts by June 30, 2016.  Guerra testified that he was aware of the order, but filed many objections due to the immediacy of the court ordered deadline.  Guerra stated that he did not designate any experts by June 30, 2016.  Additionally, Guerra testified that the Docket Control Order required Guerra to amend the pleadings by June 30, 2016, and he did not amend the pleadings.  Turning to Exhibit A, a temporary restraining order from the State Court Litigation, Guerra testified that it stated that "counterclaims of [Posada] will suffer imminent harm by [Garcia's] and his office staff's unauthorized access and disclosure of [Posada's] patients' confidential medical records."  Guerra testified that he had requested the records, which he characterized as scheduling records, from Debtor and his staff.  Guerra stated that he had not designated an expert witness for determining damages in the State Court Litigation and had not produced a damage model.  Guerra stated that he filed Debtor's bankruptcy action on July 25, 2016, which was the day of a hearing on the remaining claims in the State Court Litigation.  Although he had filed bankruptcies in the past, Guerra testified that he had not filed a chapter 11 bankruptcy prior to Debtor's case.

On cross examination, Guerra testified that he litigated between fifty to one-hundred cases in the six years since being admitted to the bar, which included at least ten bench trials, two jury trials, and between five to ten business litigation cases.  Guerra has prosecuted eight appeals before the Texas Court of Appeals, where three cases were successful and three cases are currently pending.  Debtor questioned Guerra as to why a forensic accountant was not designated as an expert for damages in the State Court Litigation.  Guerra explained that the court-appointed

Receiver and Auditor for the State Court Litigation did not file a final accounting or report. Guerra testified that he has zealously represented Garcia throughout the five year duration of the State Court Litigation.

In closing, Posada argued that the Objection to the Application turns on Guerra's ineffectiveness as an attorney in the State Court Litigation.  Pointing to various pieces of Guerra's testimony that he was unclear on orders from the State Court Litigation or lack of memory, Posada argued that Guerra generally wasted time and damaged the Debtor prior to filing bankruptcy.  Posada stated that the litigation must progress to resolution, but Posada's Counsel could not effectively work with Guerra on matters related to the litigation.   In conclusion, Posada reiterated his objection to Guerra's employment, but would be amenable to Guerra's employment if he was supervised by Debtor's Counsel.

In his closing, Debtor emphasized that Guerra was competent to represent Debtor as special counsel.  Further, Debtor argued that it is unreasonable to expect an attorney to clearly remember each individual filing throughout a five year case.   Debtor emphasized the constitutional right to have appropriate representation.  Debtor's Counsel acknowledged that if the Court did not approve the Application, he would have to step in as special counsel or retain different special counsel.  When questioned by this Court as to why Debtor's Counsel could not supervise Guerra, the Court was assured that Debtor's Counsel would be actively involved, but did not want to incur duplicative costs to the estate due to two lawyers working as special counsel.  Thus, Debtor supports the Application to employ Guerra as special counsel.

Since the Application seeks his employment, Guerra presented this Court with a closing argument.   Guerra posits that the Debtor's bankruptcy was filed because the Debtor was personally funding a defunct LLC throughout the State Court Litigation and bankruptcy would

assist in liquidating the estate, rather than solely for the purpose of avoiding trial in the State Court Litigation.  Despite Posada's contention otherwise, Guerra argues that he abided by all orders in the State Court Litigation and would be competent special counsel in this case.

### III.  LEGAL STANDARD

The Sixth Amendment specifically provides the right of the accused to retain counsel. U.S. Const. amend. VI.  Similarly, the Texas Constitution provides the right to counsel to defendants in criminal prosecutions.  Tex. Const. art. I, § 10.  The right to retain counsel in civil cases is not protected by either the Sixth Amendment or article I, section 10 of the Texas Constitution.  *See United States v. Rogers*, 534 F.2d 1134, 1135 (5th Cir. 1976); *Harris v. Civil Serv. Comm'n*, 803 S.W.2d 729, 731 (Tex. App. 1990).  Despite the lack of an explicit right to counsel in civil cases, the "right to retain counsel in civil cases was assumed" historically, while the common law denied criminal defendants the right to counsel.  *Smith v. Smith*, 22 S.W.3d 140, 154 (Tex. App. 2000) (Hudson, J., concurring) (citing *The Right to Counsel in Civil Litigation*, 66 COLUM. L. REV. 1322, 1326 (1966)).  The Fifth Circuit determined that "there is a constitutionally guaranteed right to retain hired counsel in civil matters."  *Texas Catastrophe Prop. Ins. Ass'n v. Morales*, 975 F.2d 1178, 1181 (5th Cir. 1992) (finding that the due process clause of the Fifth and Fourteenth Amendments requires a hearing and a court's refusal to hear a party's counsel would be a denial of due process).  Further, "litigants do have a right to be represented by counsel and this ordinarily implies a right to lawyers of their choice."  *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1262 (5th Cir. 1983).  Although this is a recognized right, it does not "entail absolute freedom of choice."  *Id.*; *see* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.");

*Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (finding that an involuntary chapter 7 debtor as a litigant "must be afforded a fair opportunity to secure counsel of his choice," but does not have "an absolute right to select any counsel he desires").

The Code places a limit on the right to choose counsel by requiring court approval for employment of professional persons.  § 327; Fed. R. Bankr. P. 2014; *In re Palacios*, 2016 WL 361569, at *5 (Bankr. S.D. Tex. Jan. 27, 2016) (noting that § 327 and Rule 2014 govern the employment of professionals by a bankruptcy estate).  Bankruptcy courts enjoy "substantial discretion to grant an application to employ a professional for the estate.  *In re Jackson*, 484 B.R. 141, 154 (Bankr. S.D. Tex. 2012); *In re Palacios*, 2016 WL 361569, at *9.   In many Chapter 11 bankruptcies, a trustee will not be appointed and the debtor-in-possession will take on the rights and duties of the trustee.  11 U.S.C. §§ 1101(a), 1107(a); *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2163 (2015) (acknowledging that the debtor in possession "administered the bankruptcy estate as a fiduciary for the estate's creditors" rather than an appointed trustee); *In re Am. Avia Associates-SEA*, 150 B.R. 24, 26 (Bankr. S.D. Tex. 1992).  The Code authorizes the trustee—and debtor-in-possession by extension—to employ special counsel "for a specified special purpose . . ., an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any adverse interest to the debtor or to the estate."  § 327(e); *see also In re Palacios*, 2016 WL 361569, at *5 (noting that special counsel may serve a variety of purposes, including pre-petition products liability claims and criminal defense).  Thus, a four prong test is required to employ special counsel:

> (1) employment of the attorney must be for a specified special purpose, which does not include representing the trustee in conducting the case, (2) the attorney must have previously represented the debtor, (3) the employment of the attorney must be in the best interest of the estate, and (4) the attorney must not have any interest adverse to the debtor or the estate with respect to the matter on which special counsel is to be employed.

*In re Johnson*, 433 B.R. 626, 635 (Bankr. S.D. Tex. 2010) (reading § 327(e) to require a four-prong test to employ special counsel). The Fifth Circuit determined that § 327(e) demands "strict compliance" with the statutory requirements. *In re W. Delta Oil Co.*, 432 F.3d 347, 355 (5th Cir. 2005).

Rule 2014 provides an additional list of factors that must be included in an application to employ a professional under § 327, specifically in that the application state:

> . . .the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a). Further, the application must be accompanied by the proposed professional's verified statement detailing "the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." *Id.* The debtor has the burden of proof to demonstrate to the Court that employment of special counsel is proper. *In re Johnson*, 433 B.R. at 635.

## IV. CONCLUSIONS OF LAW

### A. Jurisdiction & Venue

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter. 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012). The

Motion seeks to employ Guerra as special counsel for the benefit of the Debtor's bankruptcy. [ECF No. 42].  This is a core matter as it "concern[s] the administration of the estate." § 157(b)(2); s*ee also In Re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999).[4]  Employment of counsel by a debtor falls squarely within the administration of Debtor's bankruptcy estate as it involves both the benefit of attorney assistance and the eventual payment of legal fees.  *See In re STN Enterprises, Inc.*, 73 B.R. 470, 482 (Bankr. D. Vt. 1987) (finding employment of an attorney to be "clearly a core matter . . . because only the Bankruptcy Court may approve or deny the employment and compensation of . . . a professional person under 11 U.S.C. §§ 327(a) and 328(c)").  Therefore, this Court has jurisdiction over this matter.

This Court may only hear a case in which venue is proper.  28 U.S.C. § 1408.  In his petition, Debtor lists his residence as located in Harlingen, Texas.  [ECF No. 1 at 2].  Therefore, venue is proper.

### B.  Constitutional Authority to Enter a Final Order

This Court has an independent duty to evaluate whether it has the constitutional authority to sign a final order.  *Stern v. Marshall*, 131 S. Ct. 2594 (2011).  *But see Wellness Int'l Network v. Sharif*, 135 S. Ct. 1932, 1938-39 (2015) (holding that parties may consent to jurisdiction on non-core matters).  In ruling on the Application, this Court must look to bankruptcy law, specifically § 327(e) and Fed. R. Bankr. P. 2014.  *See In re Bechuck*, 472 B.R. 371, 374 (Bankr. S.D. Tex. 2012).  Despite Debtor's desire to use Guerra as special counsel for an adversary proceeding involving state law claims, the Application itself is rooted in bankruptcy law and involves statutes that are "purely creatures of the Bankruptcy Code."  *Id.*  As such, *Stern* is inapplicable because a final order on the Application is based solely on bankruptcy law.  *See id.*

---

[4] "[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."

(determining that the court had constitutional authority to enter a final order on a chapter 7 trustee's motion to employ).  Therefore, this Court has constitutional authority to enter a final order on the Application.  *See id.*; *see also In re Edwards*, 510 B.R. 554, 557 (Bankr. S.D. Tex. 2014); *In re SBMC Healthcare, LLC*, 474 B.R. 871, 877 (Bankr. S.D. Tex. 2012).

### C. Employing Guerra to Serve as Counsel in the Related Adversary Proceedings is for a Specified Special Purpose

In this case, Debtor has satisfied the second prong of the § 327(e) requirements, namely that special counsel must have previously represented Debtor.  *See In re Johnson*, 433 B.R. at 635.  It is uncontested that Guerra represented Debtor in the State Court Litigation and previously in the bankruptcy.  *See* [ECF No. 42 at ¶ 7]; [ECF No. 48 at ¶ 18].  However, this Court must further consider the "specified special purpose" of Guerra's employment, whether his employment is in "best interest of the estate," and whether he has an adverse interest to the estate. *See In re Johnson*, 433 B.R. at 635.

Regarding the "specified special purpose" requirement, appointed special counsel has distinct duties from those of bankruptcy counsel.  *Compare* § 327(a) *with* § 327(e).  Specifically, special counsel are explicitly prohibited from "represent[ing] the trustee in conducting the case." § 327(e); *In re Johnson*, 433 B.R. at 636; *In re NRG Resources, Inc.*, 64 B.R. 643, 646-47 (W.D. La. 1986) (noting that the "debtor-in-possession is recognized . . . absent the appointment of the trustee").  The legislative history of § 327(e) notes that "the subsection will most likely be used when the debtor is involved in complex litigation, and changing attorneys in the middle of the case after the bankruptcy case has commenced would be detrimental to the progress of that other litigation." *Am. Avia Associates-SEA*, 150 B.R. at 26 (quoting H.R.Rep. No. 595, 95th Cong., 1st Sess. at 328 (1977); S.Rep. No. 989, 95th Cong., 2nd Sess. at 38-39 (1978), U.S. Code. Cong. & Admin. News 1978, pp. 5787, 5824-25, 6284-85).  The special purpose of Guerra's

employment must be "explicitly defined or described in the application" and not be related to reorganization.  3 Collier on Bankruptcy ¶ 327.04[9][d] (15th Ed. Rev. 2006).

Our sister court found that "special counsel is typically appropriate 'when an attorney is employed to handle a specific legal action that is unrelated to the reorganization and the attorney is particularly suited for that action.'"  *In re Johnson*, 433 B.R. at 637 (quoting *In re Goldstein*, 383 B.R. 496, 501 (Bankr. C.D. Cal. 2007)); *In re Running Horse, L.L.C.*, 371 B.R. 446, 452 (Bankr. E.D. Cal. 2007) (finding that courts "may look at the totality of the circumstances to determine whether the scope of work will, or has been, properly limited to a 'special purpose' within the meaning of § 327(e)").  Debtor seeks to employ Guerra to continue to represent Debtor in the State Court Litigation post-removal to this Court.  [ECF No. 42 at ¶ 5]; [Case No. 16-1005].  Debtor postulates, *inter alia*, that the purpose of the State Court Litigation is to determine if Posada is a creditor.  [ECF No. 42 at ¶ 5].  Further, Debtor seeks to employ Guerra to represent Debtor in any other related adversary proceedings, such as the second adversary proceeding filed by Posada.  *Id.* at ¶ 12; [Case No. 16-1006].  Despite Debtor's assertion in the Application to employ Guerra as bankruptcy counsel prior to Debtor's Counsel's employment, Guerra waived employment as bankruptcy counsel at the Hearing. [ECF No. 42 at ¶ 3]. Conversely, Posada expresses concern that Guerra's services would be duplicative and not within a specified special purpose because the Application suggests Guerra will give "legal advice with respect to the Case, the Debtor's powers and duties as debtor-in-possession and management of Debtor's property," as well as "all legal services for the Debtor-in-Possession that may be necessary."  [ECF No. 48 at ¶ 41] (quoting [ECF No. 42 at ¶ 12]).

Considering the totality of the circumstances, this Court determines that the Application seeks to employ Guerra for a specified special purpose to the extent Guerra will represent Debtor

in related adversary proceedings and litigation. *See* [ECF No. 42 at ¶ 4, 5]. Guerra's services are directly related to the complex State Court Litigation that has been ongoing for five years in state court, now before this Court, and a related complex adversary proceeding. *See Am. Avia Associates-SEA*, 150 B.R. at 26; *see also* [Case No. 16-1005]; [Case No. 16-1006]. The Application specifically defines the scope of Guerra's professional services to a defined special purpose to serve as special counsel. *See* [ECF No. 42 at ¶ 12]; 3 Collier on Bankruptcy ¶ 327.04[9][d] (15th Ed. Rev. 2006). Further, Guerra's experience as counsel for Debtor throughout the State Court Litigation uniquely qualifies Guerra to be employed for the specific purpose of representing Debtor in the various pieces of litigation outside the bankruptcy. *See In re Johnson*, 433 B.R. at 637. Employing Guerra as bankruptcy counsel for the period prior to Debtor's Counsel's employment would be duplicative and in violation of § 327(e) as not being for a specified special purpose. [ECF No. 48 at ¶ 10]. However, Guerra waived seeking employment and fees as bankruptcy counsel at the Hearing, thereby negating that concern. *See generally In re Johnson*, 433 B.R. at 636 (noting that § 327(e) "explicitly" bars special counsel from representing the estate in the bankruptcy as it is not for a specified special purpose). Therefore, this Court determines that Guerra's employment is for a specified special purpose insomuch as Guerra will represent Debtor in the related complex litigation. *But see id.* (holding that modifying a final divorce decree to determine a financial obligation does not qualify as a specified special purpose).

### D.  Employment of Guerra is in the Best Interest of the Estate

Having concluded that Guerra will be employed for a specified special purpose, this Court must determine whether Guerra's employment is in the best interest of the Debtor's estate. § 327(e). *In re Johnson*, 433 B.R. at 635. The Code "does not specifically define when the

employment of proposed special counsel is 'in the best interests of the estate,' as required by Section 327(e)." *In re Lyons*, 439 B.R. 401, 405 (Bankr. S.D. Tex. 2010) (finding that a chapter 7 trustee must demonstrate that employment of special counsel "will maximize the value retained by the [d]ebtors' estate"). Therefore, this Court must consider "the general duties of the debtor in possession in regards to the chapter 11 estate" to determine what qualifies as the best interests of the estate. *In re Johnson*, 433 B.R. at 638. As the debtor-in-possession performs the same fiduciary duties as the trustee, the debtor-in-possession must maximize the estate's value in order to pay creditors. *Id.* (citing *In re Cheng*, 308 B.R. 448, 455 (9th Cir. BAP 2004)). Further, the debtor-in-possession "holds its power in trust for the benefit of creditors [and] [t]he creditors have the right to require the debtor-in-possession to exercise those powers for their benefit." *In re Hughes*, 704 F.2d 820, 822 (5th Cir. 1983). It is important to distinguish that "the need for special counsel must be for the benefit of the estate and not merely for the personal benefit of the debtor." *In re Johnson*, 433 B.R. at 639 (quoting *In re J.S. II, L.L.C.*, 371 B.R. 311, 320 (Bankr. N.D. Ill. 2007)); *see also In re Graves*, 2008 WL 4179530, at *3 (Bankr. S.D. Tex. Sep. 4, 2008) (noting that "with respect to an individual Chapter 11 debtor, the interests of the estate and the debtor may not always coincide" because an insolvent estate reduces the amount distributed to other creditors due to the payment of administrative expenses and a solvent estate reduces the amount the debtor retains at the end of the case as the creditors are paid).

Debtor argues that Guerra's employment would be in the best interest of the estate as he has represented Debtor in the State Court Litigation for the entire five years of the case. [ECF No. 42 at ¶ 7]. Due to Guerra's unique experience with the State Court Litigation, Debtor posits that it would "be an inefficient waste of Debtor's resources to require different counsel . . . to familiarize themselves" with the State Court Litigation. *Id.* Additionally, Posada filed a separate

adversary proceeding against the Debtor pertaining to the dischargeability of certain debts and Debtor's alleged fraud.  *See* [Case No. 16-1006].

The bulk of Posada's objection to Guerra's employment stems from the contention that hiring Guerra would not be in the best interest of the estate.  *See* [ECF No. 48 at ¶ 17, 19, 26, 35].  Specifically, Posada alleges that Guerra would "attempt to re-litigate [Debtor's] individual claims," which is "a duplicative and wasteful use of judicial resources and a drain on the Chapter 11 estate."  *Id.* at ¶ 19.  At the Hearing, Posada focused on Guerra's apparent proclivity to miss deadlines and failure to abide by court orders.  Although this Court acknowledges Posada's concerns regarding Guerra's employment as special counsel, this Court is persuaded by Debtor's right to be represented by the counsel of his choice in the State Court Litigation and related adversary proceedings.  *See McCuin*, 714 F.2d at 1255.  Debtor has chosen Guerra as his counsel.  [ECF No. 42 at ¶ 4].  Further, Debtor retained Guerra as his counsel throughout the entire five year duration of the State Court Litigation.  *Id.* at ¶ 7.  Considering Debtor's right to his choice of special counsel, this Court must ensure that employing Guerra as special counsel satisfies the four requirements of § 327(e)—which are addressed herein.  *See generally Matter of Wynn*, 889 F.2d at 646.  However, Debtor's history of employing Guerra largely informs whether granting the Application is in the best interests of the estate.  *See In re Am. Avia Associates-SEA*, 150 B.R. at 25-26. *But see In re Lyons*, 439 B.R. 401, 405-06 (Bankr. S.D. Tex. 2010) (denying an application to employ because the application only included a conclusory statement that "employment . . . will be in the best interests of the Estate").

Debtor desires to dissolve the three entities at the center of the State Court Litigation—Garpo I, Garpo II, and Family Health Specialists—in order to sell the entities and "cover outstanding debt."  [ECF No. 42 at ¶ 5, 6].  Debtor relies in particular on the fact that Guerra has

prosecuted the State Court Litigation for five years and maintains "a detailed working knowledge of the case." *Id.* at ¶ 7. Guerra's high degree of familiarity with the nuances of the facts and issues in State Court Litigation amounts to a benefit to the estate. *In re J.S. II, LLC.*, 371 B.R. 311, 320-21 (Bankr. N.D. Ill. 2007) (holding that an attorney's familiarity with the state court litigation was a benefit to the estate); *see generally In re French*, 139 B.R. 485, 489 (Bankr. D. S.D. 1992) (acknowledging that § 327(e) allows an estate to benefit from prior counsel's unique knowledge and experience). Moreover, Debtor asseverates that it would be inefficient to require the estate to hire different counsel, such as Debtor's Counsel, to effectively learn the nature and history of the complex litigation in question. [ECF No. 42 at ¶ 7]; *see In re DeVlieg, Inc.*, 174 B.R. 497, 502 (N.D. Ill. 1994) (holding that duplicating an attorney's efforts by hiring new counsel rather than the law firm experienced with the case would cause detrimental expenses to the estate). Posada's suggestion that Debtor's Counsel serve as lead litigation counsel and supervise Guerra would ultimately result in more expenses to the estate, which stands in stark contrast to Posada's concern regarding Guerra's generation of expenses to the estate. *Compare* [ECF No. 48 at ¶ 35] *with In re NRG Resources, Inc.*, 64 B.R. 643, 647 (W.D. La. 1986) (finding that § 327(e) "serves the important policy of avoiding an unnecessary duplication of services at the expense of the estate").

Posada vehemently objects to Guerra's employment, largely stemming from the concern that Guerra would waste the time and resources of the estate and litigants. *See generally* [ECF No. 48]. However, this Court submits that the parties are provided with a variety of remedies to ensure that all counsel comply with standards of practice and that time and resources are not wasted. First, all parties seeking compensation from the estate, including Guerra, must file applications in accordance with the Code, the Federal Rules of Bankruptcy Procedure, the

Bankruptcy Local Rules, and this Court's procedures.  *In re Palacios*, 2016 WL 361569, at *6; *In re Padilla*, 379 B.R. 643, 659 (Bankr. S.D. Tex. 2007); Court Procedures § X.1.  Second, the Code vests this Court with the ability to cancel agreements between a debtor and attorney when "compensation exceeds the reasonable value of any such services or even order the return of excessive payments to such attorney when the property would have been property of the estate." *In re Palacios*, 2016 WL 361569, at *7 (quoting 11 U.S.C. § 329(b)(1)(A)-(B)).  Third, an attorney employed under § 327(e) can only receive compensation that is reasonable and related to "actual, necessary services rendered by the . . . attorney and by any paraprofessional person employed by such a person and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1)(A)–(B); *see also In re Woerner*, 783 F.3d 266, 272 (5th Cir. 2015) (listing the factors enumerated by § 330 to determine the amount of reasonable compensation and factors for "services for which a court may not approve compensation").  Additionally, the parties may seek sanctions if a counsel's representations to the court are being presented "for any improper purpose, such as to harass" or to increase litigation costs.  Fed. R. Bankr. P. 9011.

In light of the foregoing, this Court determines that the Application, in conjunction with Guerra's testimony, evinces that Guerra's employment is in the best interest of the estate because he is in the best position to serve as special counsel in the related adversary proceedings.  *See In re Graves*, 2008 WL 4179530, at *2-3 (Bankr. S.D. Tex. Sep. 4, 2008) (granting an application to employ special counsel to represent Debtor in an appeal of her divorce decree as in the best interest of the estate). *But see In re Johnson*, 433 B.R. at 639-40 (denying an application to employ an attorney to modify a divorce decree because it was not in the best interest of the estate due to debtor's cursory statement that familiarity with a divorce was not sufficient to show more than a "personal benefit of the debtor").

### E.  Guerra Does Not Have an Adverse Interest to Debtor or the Estate

As this Court concluded that Guerra's employment is in the best interest of the estate, this Court must find that Guerra does not have an adverse interest to Debtor or the estate with respect to the matters on which he is to be employed; otherwise he would be ineligible for employment. § 327(e); *In re W. Delta Oil Co.*, 432 F.3d at 354-55 (applying "strict" standards to ensure that attorneys employed under § 327(e) are "free of the slightest personal interest which might be reflected in their decisions concerning matters of the debtor's estate or which might impair the high degree of impartiality and detached judgment expected of them during the course of administration").  Significantly, § 327(e) relaxes the conflict of interest standard of § 327(a) by not requiring special counsel to be disinterested. *In re J.S. II*, 371 B.R. at 317.  Rather, § 327(e) allows counsel who has "no adverse interest" to the debtor and the estate to "render valuable services" as special counsel even if they cannot meet the disinterested standard.  *Id.* at 18. (quoting *In re Tidewater Mem'l Hosp., Inc.*, 110 B.R. 221, 227 (Bankr E.D. Va. 1989)).  A professional has an adverse interest if the individual has "possession or assertion of any economic interest that tends to lessen the value of the debtor's estate, or creates an actual or potential dispute in which the estate is a rival claimant."  *In re Jackson*, 484 B.R. at 154.  The Fifth Circuit has noted that "special counsel employed under § 327(e) need only avoid possessing interests adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."  *In re W. Delta Oil Co.*, 432 F.3d at 357 (quoting § 327(e)); *see also In re Graves*, 2008 WL 4179530, at *2 (acknowledging that courts will allow special counsel who represented debtors prepetition to be employed if they do not hold an adverse interest to the estate, "notwithstanding their holding of prepetition claims").

Debtor addresses whether Guerra has an adverse interest in the case in both the

Application and in Guerra's affidavit.   [ECF No. 42 at ¶ 16]; Guerra's Aff. at 1.   Debtor acknowledges that Guerra previously represented Debtor in the State Court Litigation, but asserts that Guerra has no other connection to Debtor, the creditors, or any other party in interest.   [ECF No. 42 at ¶ 16].   Guerra states in his affidavit that he has no interest adverse to the estate in connection with the matters in which Guerra would be employed.   Guerra's Aff. at 1. Conversely, Posada objects that Guerra's employment would be adverse because Guerra may be owed fees by Debtor from the State Court Litigation or Debtor "may believe [Guerra] mishandled deadlines in the litigation."   [ECF No. 48 at ¶ 14].   Regarding Guerra's actions as initial bankruptcy counsel, Posada argues that the Debtor may also have claims "for failure to comply with court deadlines and rules."   *Id.* at ¶ 40.   Despite Posada's contentions to the contrary, there is no evidence before this Court that Debtor currently has a claim against Guerra. In fact, Debtor's desire to continue to utilize Guerra in the litigation stands in stark contrast to the suggestion that Debtor has a claim against Guerra.   *Compare* [ECF No. 42] *with* [ECF No. 48 at ¶ 14, 40].   It is not for this Court to decide at this time that Debtor has any potential claims against Guerra, however, if a claim arises Guerra has a continuing responsibility to inform this Court.   *In re W. Delta Oil*, 432 F.3d at 355.   Therefore, this Court concludes that Guerra does not have an adverse interest to the estate.   *But see id.* at 357-58 (holding that attorneys had an adverse interest to the estate because they unsuccessfully attempted to "acquire a stake" in the debtor company).   Thus, Guerra satisfies the four prongs of § 327(e) in order to be approved as special counsel in this case.   *See In re Graves*, 2008 WL 4179530, at *2.

### F.  The Application Satisfies the Requirements of Rule 2014(a) for Approval

The Court's analysis does not end after determining that Guerra satisfies the four requirements of § 327(e).   Fed. R. Bankr. P. 2014(a); *see also In re* Bechuck, 472 B.R. at 375.

Pursuant to Rule 2014(a), the Application must address six pieces of information in order to be approved by this Court: namely, "(1) the specific facts demonstrating the necessity for employing the attorney; (2) the name of the attorney . . .; (3) the reasons for selecting the attorney; (4) the professional services the attorney will provide; (5) any proposed fee arrangement; and (6) . . . all of the proposed attorney's connections with the debtor, the creditors, and any other party in interest." *In re Jackson*, 484 B.R. at 157.

As the estate should not "be consumed by the fees and expenses of court-appointed professionals," Debtor must "articulate the necessity for employing each attorney" in the Application to satisfy the first factor. *Id.* Through the Application and Guerra's testimony, Debtor established that the resolution of the State Court Litigation and the related adversary proceedings will directly impact the Debtor's bankruptcy. *See* [ECF No. 42 at ¶¶ 5, 7]. In *Jackson*, our sister court determined outside bankruptcy counsel was a necessity because the issues were contentious and related to the bankruptcy, which justified the costs to the estate. 484 B.R. at 158. Similarly, in the case at bar, contentious litigation is involved which will have an effect on Debtor's bankruptcy, thus likewise establishing the necessity of Guerra's employment. *See id.* Regarding the second factor, the Application names Guerra and the Law Offices of Rick Guerra as the attorneys to be employed, thus satisfying the second factor. [ECF No. 42 at ¶ 4].

In regards to the third factor—as discussed herein—Debtor selected Guerra to serve as special counsel due to both general experience "in matters relating to business dissolution and real estate" and specific experience working on the State Court Litigation for five years. *Id.* at ¶ 7. At the Hearing, Guerra testified that he had litigated between 50-100 cases, which included ten bench trials and two jury trials. *But see In re Jackson*, 484 B.R. at 159 (finding inadequate reasons for selecting counsel partially because counsel had only been to trial twice in his career

and never served as first chair).  This Court finds that Debtor satisfied the third factor because reasons for selecting Guerra as special counsel are articulable and supported from the history of this litigation.  As to the fourth factor, the Application addresses the professional services Guerra will provide Debtor, which include the following: prosecuting claims owned by the estate against third parties, defending the estate against third party claims, preparing and finalizing pleadings, representing Debtor in any adversary proceedings, conducting witness examinations, and collecting judgments.  [ECF No. 42 at ¶ 12].  This Court finds that Debtor met its burden on the fourth factor because Guerra's representation is "well-articulated, necessary, and potentially beneficial to the estate." *In re Jackson*, 484 B.R. at 160.

Regarding the fifth factor, the Application details the proposed fee arrangement between Debtor and Guerra.  [ECF No. 42 at ¶¶ 13, 14, 15].  Specifically, the hourly billing rate will be $275.00 for Guerra, $225.00 for other attorneys in the office, and $100.00 for legal assistants and paralegals. *Id.* at ¶ 13.   Further, Debtor acknowledges that Guerra advises that certain expenses will be billed separately outside the hourly billing agreement. *Id.* at ¶ 15.   Thus, this Court determines that the fifth factor is satisfied because the Application discusses the hourly rates and fee agreement reached between Debtor and Guerra. *See In re Jackson*, 484 B.R. at 161-62. Finally, in connection with the sixth factor, both the Application and Guerra's affidavit address Guerra's connection to the Debtor, creditors, and other parties in interest, thereby satisfying the sixth factor. *See* [ECF No. 42 at ¶ 16]; Guerra's Aff. at 1.   Additionally, Guerra's affidavit satisfies the sworn statement requirement of Rule 2014(a). *See In re Palacios*, 2016 WL 361569, at *6.   Thus, Debtor satisfied both the requirements of Fed. R. Bankr. P. 2014(a) and the requirements of § 327(e).   Therefore, this Court will approve employment of Guerra as special counsel. *See In re Graves*, 2008 WL 4179530, at *2.

# V. CONCLUSION

Debtor, as the debtor-in-possession, came before this Court seeking employment of Guerra as special counsel to represent Debtor in the related complex litigation.  [ECF No. 42]. Posada vehemently opposed Guerra's employment due to Guerra's alleged lack of diligence as an attorney, failure to comply with deadlines and court orders, and tendency to waste time and resources in litigation.  [ECF No. 48].  Due to Debtor's constitutional right to counsel of choice and Guerra's compliance with the requirements of § 327(e) and Rule 2014, this Court approves the retention of Guerra and the Law Offices of Rick Guerra as special counsel.  As Guerra is prohibited from serving as bankruptcy counsel and Guerra waived compensation, this Court accordingly denies employment of Guerra for the services provided in the bankruptcy prior to Mr. Smeberg's retention as bankruptcy counsel.  Further, this Court reminds the parties that all counsel must conduct themselves with necessary diligence according to the Code, the Federal Rules of Bankruptcy Procedure, and ethics rules.  Failing which, the parties are entitled to seek appropriate remedies if any counsel in the litigation falls short of those standards.   Thus, Posada's objections to Guerra's employment as special counsel detailed in his Response to Debtor's Application to Employ, [ECF No. 48], are hereby **OVERRULED**.   Therefore, the Debtor's Application to Employ Guerra, [ECF No. 42], is **DENIED** in part to the extent of Guerra's employment as bankruptcy counsel and **GRANTED** in part as to Guerra's employment as special counsel in this case.

An Order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED 12/22/2016.

Eduardo V. Rodriguez
United States Bankruptcy Judge